## FOGG v. STATE.

Opinion delivered January 21, 1907.

1. DYING DECLARATIONS—ADMISSIBILITY.—Before a dying declaration is admissible, it must be shown that it was made under a sense of impending death, which may be inferred from the language or conduct of the declarant, or from other circumstances of the case which tend to show the state of his mind. (Page 418.)

2. SAME—CREDIBILITY.—The admissibility of dying declarations is for the court to determine; their credibility, when admitted, is for the jury. (Page 419.)

Appeal from Chicot Circuit Court; *Zachariah T. Wood,* Judge; affirmed.

*R. H. Buckner,* for appellant.

That portion of the testimony of the witnesses which purported to be the dying declaration of Monroe Nelson should have been excluded. Dying declarations are admissible only when made *in extremis;* when the party is at the point of death, and every hope of the world is gone; when every motive to false-

hood is silenced, and the mind is induced by the most powerful considerations to speak the truth. 1 Greenleaf, Ev. (16 Ed.), 245, § 156; 2 Ark. 229; 2 Johns. 31. See, also, 10 Am. & Eng. Enc. Law (2 Ed.), 368. A belief that he will not recover is not of itself sufficient; there must also be the prospect of almost immediate dissolution. 1 Greenleaf, Ev. (16 Ed.), § 158; 75 Ark. 142.

*Robert L. Rogers, Attorney General,* and *Sam M. Wassell,* for appellee.

The testimony complained of was competent. If appellant conceived it to be erroneous to admit it, he should have objected to it when offered. 76 Ark. 276; 1 Wigmore on Ev. § 18.

McCulloch, J. Appellant, Crawford Fogg, was convicted of murder in the first degree, and appeals to this court from the judgment of conviction. He is accused of killing one Monroe Nelson, in Chicot County, on Sunday, August 19, 1906, about eleven o'clock in the forenoon. Appellant and deceased lived in the same neighborhood, and deceased was shot in the woods not far from his home. Deceased left home in the morning of the killing, and was seen riding off to the woods. Shortly afterwards, according to the testimony of one of the witnesses, appellant left the house of his mother, with whom he lived, and went towards the woods with a gun in his hand, and passed out of sight into the woods. In about half hour afterwards a gun shot was heard by witness, so he testifies, in the direction appellant had gone and also loud hallooing as if some one was in distress. It developed that the hallooing was done by deceased who rode out of the woods and fell from his mule in a short distance from the house where one of the witnesses was staying. He was found to be wounded, and stated that he was going to die, and that appellant had shot him. He stated that, as he rode through the woods, his mule scared at something, and he looked around, and saw appellant, who leveled his gun and immediately fired on him. He died the next day from the effects of the wounds. Several witnesses testified to these statements of deceased, and that he had previously declared his belief that he was going to die, and the testimony went to the jury without objection from appellant, but before the case was finally submitted to the jury his counsel asked the court to exclude all the statements

of deceased on the ground that the proper foundation had not been laid for their admission as dying declarations. It is now contended that the court erred in refusing to exclude the testimony, and that the case should be reversed on that account. The basis of the contention is that the testimony does not show that the alleged declarations were made *in extremis* and under the settled belief that the declarant was beyond hope of recovery from his wounds.

Mr. Greenleaf, in discussing this question, says: "It is essential to the admissibility of these declarations, and is a preliminary fact, to be proved by the party offering them in evidence, that they were made under a sense of impending death. But it is not necessary that they should be stated, at the time, to be so made; it is enough if it satisfactorily appears, in any mode, that they were made under that sanction; whether it be directly proved by the express language of the declarant, or be inferred from his evident danger, or the opinions of the medical or other attendants stated to him, or from his conduct, or other circumstances of the case, all of which are resorted to, in order to ascertain the state of the declarant's mind." 1 Greenleaf, Ev. (16 Ed.), § 158.

The question of admissibility of the declarations as evidence—whether or not the proper foundation has been laid for establishing their competency—is primarily one for the court. The court must first determine whether or not the declarations appear to have been made under circumstances which render them competent as evidence, and then admit them, if found to be competent, for the consideration of the jury, to be given such credit upon the whole evidence as the jury may see fit to attach to them. *Dunn* v. *State,* 2 Ark. 247; *Evans* v. *State,* 58 Ark. 47; 1 Greenleaf, Ev. § 160.

It being the duty of the trial judge to decide the facts upon which the admissibility of the declarations as evidence depend, we must, on appeal, give such effect to his finding as we would to any other finding of fact by the court or jury.

Now, testing the question before us by these rules, we conclude that there was no error in the ruling of the trial court. There is abundant evidence to warrant a conclusion that the alleged declarations were made under such circumstances as to

render them competent as evidence of appellant's guilt. The credit and effect to be given to them was a question for the jury.

When deceased returned from the woods immediately after he was shot, he fell from his mule, and had to be carried, helpless, to the house. He was badly wounded, and died the next day from the effect of the wounds inflicted. He appeared to be suffering great pain, and in this condition he told those present that he expected to die, that appellant shot him in the woods; and he detailed the circumstances. Certainly, the court was warranted in finding from this testimony that deceased was then *in extremis,* and realized his condition.

It is argued that, conceding the declarations of deceased to be competent, the evidence is not sufficient to sustain the verdict. Some of the witnesses were kin to deceased, and the testimony tends to show that some of them were prejudiced against appellant. The acting coroner, who held the inquest, testified that, though these witnesses were present at the inquest, nothing was said then about declarations having been made by deceased fixing guilt upon appellant. These things made the testimony of the witnesses somewhat unsatisfactory; but the jury had the witnesses before them, and evidently accepted their statements as the truth. If credit be given to it, the evidence is entirely sufficient. The case went to the jury upon instructions which were not objected to at the time, and which are not objected to here by appellant's counsel. We see nothing in the record which warrants us in disturbing the verdict. If the witnesses are to be believed at all, appellant is guilty of a shocking murder, and must suffer the penalty of his crime.

The judgment is therefore affirmed.